IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

FILED

MAR - 3 2010

CLERK, US DISTRICT COURT
NORFOLK, VA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 2:10mj41 |
| | ) | |
| v. | ) | |
| | ) | |
| ALAN PAUL STRIEPER, | ) | |
| | ) | |
| Defendant. | ) | |

### JOINT MOTION TO EXTEND TIME PERIOD FOR INDICTMENT

The United States, the defendant, and his attorney respectfully move this Honorable Court to extend the time period for filing an indictment against the defendant from March 12, 2010 to April 23, 2010. In support of this motion, the parties represent as follows:

1. On February 3, 2010, the defendant was charged in a criminal complaint in the Eastern District of Virginia with one count of attempted enticement in violation of Title 18, United States Code, Section 18 U.S.C. § 2422(a); one count of attempted transportation of child pornography in violation of Title 18, United States Code, Section 2252A(a)(1); one count of possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B). On Friday, February 5, 2010, agents from Immigration and Customs Enforcement arrested the defendant. The defendant appeared before United States Magistrate Judge for his initial appearance on Monday, February 8, 2010.

2. On February 11, 2010, the defendant waived his preliminary hearing and detention hearing before the Honorable United States Magistrate Judge Stillman.

3. The Speedy Trial Act, 18 U.S.C. § 3161(b) requires that any indictment against a defendant be filed within 30 days from the date on which defendant was arrested, subject to excludable time under 18 U.S.C. § 3161(h). Absent a motion or order tolling the Speedy Trial clock, an indictment in this case must be filed by March 12, 2010.

4. The defendant's attorney, Federal Public Defender Walter B. Dalton, the defendant, and the United States are exploring the possibility of a pre-indictment disposition; however, these negotiations may not be completed on or before March 12, 2010. The parties need additional time to permit defense counsel to examine discovery provided by the government, to conduct his own investigation of the facts and to discuss the matters with his client. If plea negotiations are successful, the parties also have to arrange for the scheduling of a potential guilty plea on a criminal information. The Speedy Trial Act specifically allows the Court to exclude time resulting from its consideration of a proposed plea agreement. 18 U.S.C. § 3161(h)(1)(G). Similarly, a delay in the instant case will allow the parties the opportunity to explore whether this case can be resolve through plea negotiations which, if successful, will prevent the parties from engaging in needless litigation and allow the Court to save judicial resources.

5. The parties respectfully submit that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. Moreover, the defendant waives any objections under the Speedy Trial Act.

WHEREFORE, the United States, the defendant, and his attorney respectfully request that the Court issue an order tolling the speedy trial clock and extending the time to file an indictment to on or before April 23, 2010.

> Respectfully submitted,
>
> Neil H. MacBride
> United States Attorney
>
> By: *Melissa E. O'Boyle*
> Melissa E. O'Boyle
> Assistant United States Attorney
> Virginia State Bar No. 47449
> Attorney for the United States
> United States Attorney's Office
> 101 West Main Street, Suite 8000
> Norfolk, VA 23510

Office Number - 757-441-6331  
Facsimile Number - 757-441-6689  
E-Mail Address - Melissa.OBoyle@usdoj.gov

SEEN AND AGREED:

_____  
ALAN PAUL STRIEPER  
Defendant

_____  
Walter B. Dalton, Esq.  
Counsel For Defendant