IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

UNITED STATES OF AMERICA

       v.                                CRIMINAL NO. 2:10cr61

ALAN PAUL STRIEPER

## POSITION OF THE DEFENDANT WITH RESPECT TO SENTENCING FACTORS

COMES NOW the defendant, Alan Paul Strieper, by counsel, pursuant to Section 6A1.2 of the *Sentencing Guidelines and Policy Statements* and the Court's Sentencing Procedures Order, and states his position with respect to sentencing factors as set forth in the defendant's presentence report. After a review of the report and conferences with the Probation Officer and counsel for the government, the defendant notes the following objections:

Worksheet A: The defendant objects to the two-level enhancement, pursuant to U.S.S.G. 2G1.3(b)(5), for the offense involving a "minor" who had not attained the age of 12 years. The facts do not support this enhancement, given the definition of "minor" in Application Note 1.

Paragraphs 72, 139, 140, 142, and 145; Worksheets A, B, and D: The defendant objects to the five-level enhancement, pursuant to U.S.S.G. 2G2.2(b)(5) for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. The facts do not support this enhancement, as the defendant did not engage in "two or more" separate instances of "sexual abuse or exploitation of a minor," as defined in Application Note 1.

The defendant respectfully asks this court to impose a sentence below the advisory guideline range for receipt of child pornography, because any sentence within that advisory guideline range violates the mandate of 18 U.S.C. § 3553(a) to "impose a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing.

### A.     The United States Sentencing Guidelines are Advisory.

The Sentencing Guidelines are no longer mandatory. *United States v. Booker*, 543 U.S. 220, 260-61 (2005). Since *Booker*, the Supreme Court has consistently and significantly broadened the range of choices in sentencing dictated by the facts of the case. *See Gall v. United States*, 128 S. Ct. 586, 602 (2007) (finding a sentence outside the Guidelines to be reasonable); *see also Kimbrough v. United States*, 128 S. Ct. 570 (2007) (noting that courts may vary from Guidelines ranges based solely on policy consideration, including disagreements with the Guidelines); *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007) (holding that a district court may consider arguments that "the Guidelines sentence itself fails properly to reflect § 3553(a) considerations"); and *Cunningham v. California*, 127 S. Ct. 856, 867 (2007) (stating that judges are no longer bound by the Guidelines, but are required to consider them along with the sentencing goals in 18 U.S.C. § 3553(a)). These cases–*Booker, Gall, Kimbrough, Rita*, and *Cunningham*–"mean that the district court is free to make its own reasonable application of the § 3553(a) factors, and to reject (after due consideration) the advice of the Guidelines." *Kimbrough*, 128 S. Ct. At 577 (Scalia, J., concurring).

The district court "may not presume that the Guidelines range is reasonable," but must "make an individualized assessment based on the facts presented." *Gall*, 128 S. Ct. At 597. If the court decides that an outside-Guidelines sentence is warranted, the court must consider the extent of the

deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. *Id.* The Supreme Court has rejected, however, the notion that "'extraordinary' circumstances [are required] to justify a sentence outside the Guidelines range" and rejected "the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence. *Id.* at 595.

While sentencing courts must continue to consider the sentencing guidelines, Congress has required federal courts to impose the least amount of imprisonment necessary to accomplish the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). Those factors include (a) the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the kinds of sentences available; (c) the advisory Guideline range; (d) the need to avoid unwarrranted sentencing disparities; (e) the need for restitution; and (f) the need for the sentence to reflect the following: the seriousness of the offense, promotion of respect for the law and just punishment for the offense, provision of adequate deterrence, protection of the public from future crimes and providing the defendant with needed educational or vocational training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a); *see also Kimbrough*, 128 S. Ct. at 570. The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." This requirement is not just another factor to be considered along with the others set forth in Section 3553(a)–it sets an independent limit upon the sentence.

### B. The Child Pornography Guidelines are Not Supported by an Empirical Basis and, Therefore, Warrant Less Deference Than Other Guidelines Provisions.

Congress established the Sentencing Commission "to formulate and constantly refine national sentencing standards." *Kimbrough*, 128 S. Ct. at 574; *see also Rita*, 127 S. Ct. 2464. In its

institutional role, the Sentencing Commission "has the capacity courts lack to 'base its determinations on empirical data and national experience, guided by professional staff with appropriate expertise.'" *Kimbrough*, 128 S. Ct. at 574 (*quoting United States v. Pruitt*, 502 F.3d 1154, 1171 (10th Cir. 2007) (McConnell, J., concurring); *see also Gall*, 128 S. Ct. at 594 (noting that "even though the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions.")

However, when Guidelines are *not* the result of "the commission's exercise of its characteristic institutional role," such as when they are not based upon an empirical approach, but are instead keyed to or guided by statutory directives, the sentencing court is not presented with the "ordinary case," in which "the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *See, e.g., Kimbrough*, 128 S. Ct. at 574 (*quoting Rita*, 127 S. Ct. At 2465); *see also Gall*, 128 S. Ct. at 594, n.2 (noting that not all Guidelines are tied to empirical evidence). In cases where the Guidelines "do not exemplify the Commission's exercise of its characteristic institutional role," it is "not an abuse of discretion for a district court to conclude when sentencing a particular defendant" that the application of the guidelines "yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes even in a mine-run case." *Kimbrough*, 128 S. Ct. at 575; *see also United States v. Baird*, 2008 U.S. Dist. LEXIS 2338 at *10 (D. Neb. Jan. 11, 2008) (Bataillon, J.).

In light of its "discrete institutional strength[], a district court's decision to vary from the advisory guidelines may attract greatest respect when the sentencing judge 'finds a particular case outside the "heartland" to which the Commission intends individual Guidelines to apply.'"

*Kimbrough*, 128 S. Ct. at 575 (*quoting Rita*, 127 S. Ct. at 2465). A sentencing judge has greater familiarity with an individual case and individual defendant than the Commission or the appeals court and is "therefore 'in a superior position to find facts and judge their import under § 3553(a)' in each particular case." *Kimbrough*, 128 S. Ct. at 574 (*quoting Gall*, 128 S. Ct. at 597).

The Guidelines were thus developed to advance certain sentencing reform goals of reducing sentencing disparity, assuring certainty and severity of punishment, and increasing the rationality and transparency of punishment. *See* United States Sentencing Commission, Fifteen Years of Guidelines Sentencing at 11-12 (Nov. 2004) ("Fifteen-Year Assessment"). The Sentencing Commission was originally charged by Congress with developing guidelines to meet the "purposes of punishment" set out in § 3553(a)(2), and to achieve proportionality, crime control through incapacitation and deterrence, and rehabilitation. *Id.* at 12-13. Toward that end, the Commission developed and used data on past practices and recidivism in formulating the Guidelines. *See id.* at 14 (noting that the Guidelines are based in part upon statistical analyses of pre-Guidelines sentencing practices); *see also* U.S.S.G. § 1A1.1, intro. comment., pt. A, P 3; *see also Kimbrough*, 128 S. Ct. at 567 (regarding drug trafficking Guidelines). Based upon this data, the Commission created offense levels for each crime and linked each to a recommended imprisonment range. Fifteen-Year Assessment at 14.

Policy reasons and statutory mandatory minima compelled the Commission to depart from its past practices in setting offense levels for fraud, drug trafficking, and child exploitation and sexual offenses. *Id.* at 15, 72-73; *Kimbrough*, 128 S. Ct. at 567. Consequently, the Guidelines ranges for those crimes are a less-reliable appraisal of a fair sentence. *See Kimbrough*, 128 S. Ct. at 574; *see also United States v. Baird*, 580 F.Supp.2d 889, 892 (D.Neb. 2008).

The Guidelines for child exploitation offenses, like the drug-trafficking Guidelines, were not developed under the empirical approach, but were promulgated, for the most part, in response to statutory directives. *See* U.S.S.G. App. C, Amends. 537 & 538 (Nov. 1, 1996), 592 (Nov. 1, 2000), 615 (Nov. 1, 2001), 651 (Oct. 27, 2003), 664 (Nov. 1, 2006); *see also Baird*, 580 F.Supp.2d 889, 892 (D. Neb. 2008). The Sentencing Commission itself acknowledges that "[t]he frequent mandatory minimum legislation and specific directives to the Commission to amend the Guidelines make it difficult to gauge the effectiveness of any particular policy change, or to disentangle the influences of the Commission from those of Congress." Fifteen-Year Assessment at 73. Because the child pornography Guidelines do not reflect the Commission's unique institutional strengths, they should be afforded less deference than empirically-grounded guidelines. *See Baird*, 580 F.Supp.2d 889, 892 (D. Neb. 2008); *see also United States v. Sudyka*, 2008 U.S. Dist. LEXIS 42569 at *25-*26 (unpub.) (D. Neb. Apr. 14, 2008) (holding that "[b[ecause the child pornography Guidelines do not reflect the Sentencing Commission's unique institutional strengths, the court affords them less deference than it would empirically-grounded guidelines.")

The Guidelines for child pornography are governed by § 2G2.2, which encompasses not only mere possession of child pornography, but also trafficking. Prior to 2003, however, mere possession was governed by a separate guideline (formerly § 2G2.4), which had a base offense level of 15. *See Baird*, 580 F.Supp.2d 889, 895 (D. Neb. 2008). The Commission's combination of the possession and trafficking guidelines in 2003, when considered in light of other revisions (including a more-expansive definition of "distribution" and quantity-driven enhancements), "has served to muddy the qualitative distinctions between 'mere possession' and 'distribution of child pornography.'" *Baird*, 580 F.Supp.2d 889, 895 (D. Neb. 2008).

Consequently, many sentencing courts have recognized that § 2G2.2 does not "adequately reflect important distinctions in levels of culpability." *Baird*, 580 F.Supp.2d 889, 895 (D. Neb. 2008). In *Baird*, finding that the child pornography Guidelines were not based upon an empirical approach, the district court sentenced the defendant to 24 months despite the PSR's calculation that the Guidelines range was 63 to 78 months and its finding that the proper range was 46 to 57 months. Id. At *892. The *Baird* court based its decision upon the defendant's remorse, his lack of any criminal history points, and a finding by two mental health professionals that the defendant was not a pedophile or likely to re-offend. Id. At *893-*894. The court in *Baird* concluded that the Guidelines range exceeded a sentence sufficient, but not greater than necessary, to comply with the § 3553(a) sentencing purposes. Id. At *895.

Similarly, in *United States v. Sudyka*, 2008 U.S. Dist. LEXIS 42569 (unpub.) (D. Neb. Apr. 14, 2008), the court departed substantially from the advisory Guidelines range. In *Sudyka,* the defendant pled guilty to possession of child pornography. *Sudyka*, 2008 U.S. Dist. LEXIS 42569 at *1, *20. Enhancements found in § 2G2.2 doubled Mr. Sudyka's offense level from 18 to 36 and increased his advisory Guidelines range seven-fold from 27 to 33 months to 188 to 235 months. *Id.* at *27-*28. Even after the three-level acceptance of responsibility reduction, Mr. Sudyka's total offense level (33) yielded an advisory Guidelines range of 135 to 168 months–more than 15 months above the statutory maximum sentence of ten years. *Id.* at *4. Having considered the Guidelines, the court sentenced Mr. Sudyka to 24 months in jail in light of, among other things, the defendant's compliance with conditions set by pretrial services, including sex offender counseling; the defendant's stable employment history; the defendant's responsibility for caring for his elderly mother; and the defendant's low likelihood of re-offense. *Id.* at *24-*25.

Furthermore, the Fourth Circuit Court of Appeals upheld a significant downward variance in *United States v. Smith*, 275 F. App'x. 184 (S.C. 2008). The district court, having found Mr. Smith's advisory guidelines range to be 78 to 97 months sentenced him to 24 months imprisonment. The Fourth Circuit found no abuse of discretion because the district court had balanced the seriousness of the offense against its "findings regarding [the defendant]'s personal characteristics, namely his age [64 years old], lack of criminal history, low risk of recidivism, and positive role in his family and his community." *Smith*, 275 F. App'x. 184, 187 (S.C. 2008).

In FY 2007, 33% of child pornography defendants were sentenced below the Guidelines. *See* 2007 Sourcebook; http://www/ussc.gov/ANNRPT/2007/SBTOC07.htm at Table 28. This is indicative of the fact that the courts recognize the flawed character of the child pornography sentencing scheme. As one district court judge observed:

> [F]or policy reasons, and because statutory mandatory minima dictated many terms of the Guidelines, the Commission departed from past practices in setting offense levels for such crimes as . . . child crimes and sexual offenses. Consequently, the Guideline ranges of imprisonment for those crimes are a less reliable appraisal of a fair sentence. In cases involving application of Guidelines that do not exemplify the Commission's exercise of its characteristic institutional role–basing its determinations on "'empirical data and national experience, guided by a professional staff with appropriate expertise'",–it is not an abuse of discretion for a district court to conclude when sentencing a particular defendant that application of the guideline will yield a sentence "greater than necessary" to achieve the purposes set out in § 3553(a).

*United States v. Bennett*, 8:07cr235 (D. Neb. May 30, 2008) (Sentencing Memorandum) available at http://sentencing.typepad.com/sentencing_law_and_policy/files/bennett_sentencing_opinion.pdf.

In a recent decision, *United States v. Dorvee*, the Second Circuit discusses at length many of the problems in the child pornography guideline, Section 2G2.2. The court labels this guideline "eccentric," "irrational," and "fundamentally incompatible with Section 3553(a)." The court notes

8

that many of the enhancements apply in virtually every case, and produce a guideline range that can be worse than the range for someone who actually harmed children. The court held that the Kimbrough "analysis applies with full force to Section 2G2.2." *United States v. Dorvee*, 604 F.3d 84 (2d Cir. 2010).

## **CONCLUSION**

The advisory guideline range produced by Section 2G2.2 drastically exceeds a sentence sufficient, but not greater than necessary, to comply with 18 U.S.C. § 3553(a). Therefore, the defendant requests that this Court impose a sentence substantially below that range.

Respectfully submitted,

ALAN PAUL STRIEPER

By: _____/s/_____
Walter B. Dalton
Assistant Federal Public Defender
Virginia State Bar No. 23015
Attorney for Alan Paul Strieper
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Phone: 757-457-0800
Fax: 757-457-0880
walter_dalton@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of August, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Melisssa E. O'Boyle
>Assistant United States Attorney
>8000 World Trade Center
>101 West Main Street
>Norfolk, Virginia  23510
>melissa.oboyle@usdoj.gov

And I hereby certify that I will mail the foregoing by U.S. Mail to the following non-filing user:

>Janice B. Hyatt
>United States Probation Officer
>600 Granby Street, Suite 200
>Norfolk, Virginia  23510

>_____/s/_____
>Walter B. Dalton
>Assistant Federal Public Defender
>Virginia State Bar No. 23015
>Attorney for Alan Paul Strieper
>Office of the Federal Public Defender
>150 Boush Street, Suite 403
>Norfolk, Virginia 23510
>Phone:  757-457-0800
>Fax:  757-457-0880
>walter_dalton@fd.org